UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Steven P. Bureau
Norman T. Bureau

    v.                          Case No. 20-cv-800-PB

Nashua Police Department
Officer Richard Debarros
Officer Adam Fisher

**ORDER**

Pro se plaintiffs Steven P. Bureau ("Steven") and Norman T. Bureau ("Norman")[1] have filed a complaint against the Nashua, New Hampshire, police department ("NPD") and two NPD officers, Richard Debarros and Adam Fisher (Doc. No. 1). The complaint is before the court for preliminary review pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of pleadings, like the Bureaus', that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is

---

[1] When appropriate, the court uses the plaintiffs' first names solely to differentiate them, not out of disrespect.

immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Plaintiff Steven Bureau alleges that as he drove his truck to a hotel in Nashua, Officer Debarros pulled up behind him in a marked police cruiser and subsequently informed Steven that one of the truck's headlights was out.  Officer Debarros then left Steven to speak with Officer Fisher, who had just arrived on the scene.  Steven asserts that after about "fifteen minutes of looking around [Steven's] vehicle, [he] was arrested on a false charge" and his truck was seized.  Although Steven does not indicate what charge was lodged against him, he alleges that the

charge was eventually nol prossed[2] and his record expunged. Compl. (Doc. No. 1) at 3.

While Officers Debarros and Fisher were conferring, Steven called his father, plaintiff Norman Bureau, and told Norman that he (Steven) was being harassed by police. Norman then came to the scene and entered the driver's side of Steven's truck. When he did so, Officer Fisher demanded that Norman exit the truck. When Norman told Officer Fisher that he had come to take the truck, Officer Fisher threatened to arrest him for interfering with Steven's arrest. It is not clear from the complaint how the interaction between Norman and Officer Fisher concluded.

## Discussion

I.  Plaintiff Norman Bureau

Construing the complaint liberally, the only claim Norman asserts is that Officer Fisher violated Norman's Fourth Amendment rights when he threatened to arrest Norman if he did not exit Steven's truck. In general, an arrest is lawful under the Fourth Amendment if the police officer has probable cause.

---

[2] "Nol pros," or "Nolle Prosequi," translates from Latin as "does not wish to prosecute." Richard B. McNamara, 2 New Hampshire Practice: Criminal Practice and Procedure § 22.05 (6th ed. 2020). "The entry of a nolle prosequi serves as the functional equivalent of a dismissal; thereafter, the case is no longer pending." State v. Allen, 150 N.H. 290, 292, 837 A.2d 324, 326-27 (2003).

3

See Holder v. Town of Sandown, 585 F.3d 500, 504 (1st Cir. 2009). "[T]he general rule [is] that Fourth Amendment seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime." Bailey v. United States, 568 U.S. 186, 192 (2013) (quoting Dunaway v. New York, 442 U.S. 200, 213 (1979) (internal quotation marks omitted)).

As a threshold matter, whether Norman has asserted a Fourth Amendment false arrest claim that can proceed depends upon whether he was "seized" for purposes of the Fourth Amendment. Generally, a mere oral threat of an arrest by a police officer, absent any other factual allegations, does not constitute such a "seizure," for purposes of a Fourth Amendment analysis. Britton v. Maloney, 196 F.3d 24, 29–30 (1st Cir. 1999) (holding that a summons alone did not constitute a seizure by simply threatening an arrest); Nagy v. Town of Andover, Civ. No. 01-112-M, 2001 WL 1326684, at *6, 2001 U.S. Dist. LEXIS 17417, at *11 (D.N.H. Oct. 19, 2001) (holding that no seizure occurred when police officers ordered a person to comply with their requests to remove an obstruction from a driveway or else face an arrest for disorderly conduct). Under some circumstances, however, a threat to arrest an individual can constitute a "seizure" for Fourth Amendment purposes. See Britton, 196 F.3d at 29 (holding that the use of force is not required to effectuate a seizure); Svitlik v. O'Leary, 419 F. Supp. 2d 189, 191 (D. Conn. 2006)

4

(holding that a seizure occurred when the officers coerced a suspect to drive to the police station through threats of arrest and threats to tow his car).  Ultimately, the question is whether the totality of the circumstances establishes that the individual was free to terminate the interaction and leave. Florida v. Bostick, 501 U.S. 429, 439 (1991).

Even liberally construing the complaint, see Erickson, 551 U.S. at 94, the court cannot find that Norman has stated the minimum facts necessary to allow his false arrest claim to proceed.  But the court cannot, however, rule out the possibility that Norman may be able to plead additional facts demonstrating that he was "seized," that is, whether the totality of the circumstances establishes whether he was free to terminate the interaction and leave.  Bostick, 501 U.S. at 439 (1991).

Accordingly, the plaintiffs are directed to file an amended complaint, within thirty days of the date of this order, to assert specific facts giving rise to Norman's claim against each defendant which may be appropriately litigated in this action. If plaintiffs fail to amend the complaint as directed, the court may recommend that the district judge dismiss Norman's claims.

## Conclusion

For the foregoing reasons, the court directs as follows:

1. Plaintiffs are granted leave to file an amended complaint within thirty days of the date of this Order, pleading additional facts, as set forth in this Order, with respect to Plaintiff Norman Bureau's Fourth Amendment false arrest claim.

2. The court will complete its preliminary review in this matter upon receipt of the plaintiffs' amended complaint, or the expiration of the time allowed for filing an amendment.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

January 6, 2021

cc:  Steven Bureau, pro se
     Norman Bureau, pro se