## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Steven P. Bureau
Norman T. Bureau

     v.                                    Case No. 20-cv-800-PB

Nashua Police Department
Officer Richard Debarros
Officer Adam Fisher

### REPORT AND RECOMMENDATION

Pro se plaintiffs Steven P. Bureau ("Steven") and Norman T. Bureau ("Norman")[1] have filed a complaint against the Nashua, New Hampshire, Police Department ("NPD") and two NPD officers, Richard Debarros and Adam Fisher (Doc. No. 1).  The complaint is before the court for preliminary review pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).[2]

### Background

Steven alleges that as he drove his truck to a hotel in Nashua, Officer Debarros pulled up behind him in a marked police cruiser and subsequently informed Steven that one of the truck's headlights was out.  Officer Debarros then left Steven to speak

---

[1]When appropriate, the court uses the plaintiffs' first names solely to differentiate them, not out of disrespect.

[2]In conducting this preliminary review, the court applies the same standard set forth in its January 6, 2021, Order. (Doc. No. 5).

with Officer Fisher, who had just arrived on the scene.  Steven asserts that after about "fifteen minutes of looking around [Steven's] vehicle, [Steven] was arrested on a false charge" and his truck was seized.  Although Steven does not indicate what charge was lodged against him, he alleges that the charge was eventually nol prossed[3] and that his record was expunged.  Compl. (Doc. No. 1) at 3.

While Officers Debarros and Fisher were conferring, Steven called his father, Norman, and told him that he (Steven) was being harassed by the police.  Norman then came to the scene and entered the driver's side of Steven's truck.  When he did so, Officer Fisher demanded that Norman exit the truck.  When Norman told Officer Fisher that he had come to take the truck, Officer Fisher threatened to arrest him for interfering with Steven's arrest.  It is not clear from the complaint how the interaction between Norman and Officer Fisher concluded.

---

[3]"Nol pros," or "Nolle Prosequi," translates from Latin as "does not wish to prosecute."  Richard B. McNamara, 2 New Hampshire Practice: Criminal Practice and Procedure § 22.05 (6th ed. 2020).  "The entry of a nolle prosequi serves as the functional equivalent of a dismissal; thereafter, the case is no longer pending."  State v. Allen, 837 A.2d 324, 326-27 (N.H. 2003).

**Discussion**

I.   Plaintiff Norman Bureau

In its January 6, 2021 order (Doc. No. 5) ("January 6 Order"), the court directed plaintiffs to amend their complaint to state additional facts with respect to Norman's Fourth Amendment claim, which the court found deficient as set forth in plaintiff's original complaint.  As plaintiffs have not amended their complaint, the district judge should dismiss Norman Bureau's claim for failure to state a claim, as set forth in the January 6 Order.

II.  Plaintiff Steven Bureau

Liberally construed, Steven appears to assert claims 42 U.S.C § 1983, alleging that the defendants subjected him to false arrest, malicious prosecution, and seizure of his truck without probable cause, in violation of his Fourth Amendment rights not to be subjected to an unreasonable search of his person and property.

Claim 1: False Arrest

"The Fourth Amendment protects '[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures.'"  Manuel v. City of Joliet, 137 S. Ct. 911, 917 (2017).  "[T]he general rule [is] that Fourth Amendment seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime."  Bailey v. United States,

568 U.S. 186, 192 (2013).  A police officer has probable cause
when, at the time of the arrest, the "facts and circumstances
within the officer's knowledge . . . are sufficient to warrant a
prudent person, or one of reasonable caution, in believing, in
the circumstances shown, that the suspect has committed, is
committing, or is about to commit an offense."  Holder v. Town
of Sandown, 585 F.3d 500, 504 (1st Cir. 2009).  Thus, to
properly assert a claim for false arrest, Steven must allege
facts which show that the arresting officer lacked probable
cause to believe that Steven, at the time of his arrest, had
committed a crime, was committing a crime or was about to commit
a crime.  See Jordan v. Town of Waldoboro, 943 F.3d 532, 545
(1st Cir. 2019).

     Here, however, stripped of legal conclusions such as
Steven's assertion that he was arrested on a "false charge," the
complaint fails to state any facts relevant to the probable
cause analysis.  Accordingly, the district judge should dismiss
Steven's false arrest claim (Claim 1).

Claim 2: Malicious Prosecution

     "A plaintiff may bring a Fourth Amendment malicious
prosecution claim "if he can establish that: 'the defendant (1)
caused (2) a seizure of the plaintiff pursuant to legal process
unsupported by probable cause, and (3) criminal proceedings
terminated in plaintiff's favor.'"  Hernandez-Cuevas v. Taylor,

723 F.3d 91, 101 (1st Cir. 2013) (citation omitted).  Similarly, under state law, the elements of malicious prosecution are: "(1) the plaintiff was subjected to a criminal prosecution ... instituted by the defendant; (2) without probable cause; (3) with malice; and (4) the prior action terminated in the plaintiff's favor.".  Farrelly v. City of Concord, 130 A.3d 548, 560 (N.H. 2015).

This claim suffers from the same defect as Steven's false arrest claim.  That is, there are no factual allegations which could support a claim that the officers lacked probable cause to arrest him.  Nor could the court entertain such an analysis in the absence of any indication of what charges were lodged against him.  Accordingly, the district judge should dismiss Steven's malicious prosecution claim (Claim 2).

Claim 3:  Seizure of Steven's Truck

In order to succeed on a Fourth Amendment claim based on the seizure of his truck, Steven must show that: (1) the defendants acted under the color of law; (2) there was a search or seizure; and (3) that search or seizure was unreasonable.  Brower v. Cty. of Inyo, 489 U.S. 593, 599 (1989).  Here, while the complaint alleges sufficient facts to establish the first two elements, there are no facts alleged relating to the search and seizure of his truck which demonstrate that the seizure was

unreasonable.[4]  The district judge should therefore dismiss Steven's property seizure claim (Claim 3).

**Conclusion**

For the reasons set forth herein, the undersigned recommends that the district judge dismiss this case in its entirety for failure to state a claim for which relief can be granted.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

September 7, 2021

cc:  Steven Bureau, pro se
     Norman Bureau, pro se

---

[4]The allegation that his truck was "illegally seized" is an unsupported legal conclusion.